# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSETTA GRATE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-16-0412-HE |
| | ) |
| THE CITY OF OKLAHOMA | ) |
| CITY, a municipal corporation, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Rosetta Grate filed this §1983 action against Daniel Holtzclaw, an Oklahoma City police officer, Bill Citty, Chief of Police for the City of Oklahoma City, other city employees and the City of Oklahoma City ("City"). Plaintiff alleges that defendant Holtzclaw, while acting as a city police office, sexually assaulted her and other African-American women. She asserts claims against the defendants under federal and state law.

Defendant Holtzclaw has filed a partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). He seeks the dismissal of plaintiff's first, fourth, fifth, sixth and seventh causes of action on the ground they do not contain any allegations against him. Plaintiff responds that her fifth claim, which is based on defendants' alleged failure to supervise Holtzclaw, should be dismissed. She contends that the remaining claims Holtzclaw challenges are sufficiently pleaded.

When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744

F.3d 633, 640 (10th Cir. 2014). Considering plaintiff's claims under this standard, the court agrees with defendant that, in addition to her fifth cause of action, her first, fourth, sixth and seventh causes of action should also be dismissed.

In her first cause of action, plaintiff alleges the City is responsible for Holtzclaw's conduct because of its "acts, omissions, customs, and policies." Doc. #1, p. 20, ¶43. In her fourth cause of action, she alleges a "conspiracy occurred among Defendants Citty, Bennett, Gregory, and John and Jane Doe" to cover up their failure to take any action, other than apologize for Holtclaw's behavior, in response to a complaint Bennett received on November 5, 2013, from Demetrial Campbell that Holtzclaw had sexually assaulted her. *Id*. at p. 24, ¶¶58-59. In her sixth cause of action, plaintiff alleges that defendant Citty is a final policymaker for the City and he "knew of and specifically approved the acts of Defendants." *Id*. at p. 28, ¶75. In her seventh cause of action, plaintiff alleges the City "fail[ed] to train its police officers adequately." *Id.* at p. 30, ¶82. In her first, sixth and seventh causes of action, plaintiff is alleging a basis for municipal liability against the City. In her fourth, plaintiff is alleging a conspiracy among other City employees.

Plaintiff argues that she has properly included Holtzclaw as a defendant in these various causes of action because "he is a primary actor and any liability of the City is based on Defendant Holtzclaw's conduct." Doc. #46, p. 2. The challenged causes of action may state claims against other defendants based in part on Holtzclaw's conduct. However, they do not state a legal basis for plaintiff to recover from Holtzclaw. Claims are only asserted against parties from whom the pleader is "entitled to [obtain] relief."

*See* Fed.R.Civ.P. 8(a)(2).  Therefore, these causes of action will be dismissed.  Leave to amend will not be granted, as amendment would be futile.

Accordingly, defendant Holtzclaw's motion to dismiss [Doc. #44] is **GRANTED**.  Plaintiff's first, fourth, fifth, sixth and seventh causes of action, as alleged against defendant Holtzclaw only, are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 8th day of September, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE